2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keven PATEL, aka Kanubhai Patel, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICES, Respondent.
 No. 92-70041.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Aug. 13, 1993.
 
 Before NORRIS, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kanubhai Patel entered the United States on June 8, 1982, on a one-day visitor's visa and never left. Deportation proceedings were instituted against him by an order to show cause dated June 14, 1983, and amended on May 25, 1987, charging him with having overstayed his visa. A hearing on the merits was held on July 25, 1990. Patel conceded deportability and applied for suspension of deportation under 8 U.S.C. Sec. 1254(a)(1), or, in the alternative, voluntary departure. The immigration judge found Patel deportable and ineligible for suspension of deportation, both as a matter of law and in the exercise of his discretion, because Patel had failed to establish that deportation would cause him an "extreme hardship." The immigration judge granted Patel ninety days in which to depart voluntarily. The Board of Immigration Appeals ("BIA") dismissed Patel's appeal, agreeing that Patel had failed to establish extreme hardship. The BIA gave Patel thirty days in which to depart voluntarily. Patel appeals. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a. We affirm.
 
 
 3
 The sole issue presented in this case is whether the BIA properly denied Patel's application for suspension of deportation. Patel established two of the three requirements for suspension of deportation: seven years continuous presence in the United States and good moral character. See 8 U.S.C. Sec. 1254(a)(1). However, Patel failed to establish an "extreme hardship to [himself] or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." Id.
 
 
 4
 Patel bears the burden of demonstrating statutory eligibility. Ramirez-Durazo v. INS, 794 F.2d 491, 497 (9th Cir.1986). He must satisfy the statutory eligibility requirements before any discretion can be exercised. INS v. Rios-Pineda, 471 U.S. 444, 446 (1985). Moreover, we must uphold the denial of suspension of deportation unless we find that the BIA abused its discretion. Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985). In this case, the Immigration and Naturalization Act commits the definition of "extreme hardship" to the Attorney General and his or her delegates, and the Attorney General has the authority to define the term narrowly. INS v. Wang, 450 U.S. 139, 144-45 (1981); Roe v. INS, 771 F.2d at 1333. Thus, we cannot overturn the BIA's interpretation and application of "extreme hardship" merely because we prefer another interpretation. Wang, 450 U.S. at 144; Roe, 771 F.2d at 1333.
 
 
 5
 The basis of Patel's claim of extreme hardship is that deportation would upset the nice life that he has established for himself in the United States. Patel contends that he would suffer political and economic hardships if he is required to return to India. In the United States, Patel owns and operates a motel and possesses assets valued at $180,000. However, Patel's claims of hardship are not "extreme;" he has failed to detail what type of political hardship he would suffer and his economic hardship standing alone is not enough. It is well-settled that economic factors alone do not constitute extreme hardship. Hassan v. INS, 927 F.2d 465, 468 n. 2 (9th Cir.1991); Ramirez-Durazo, 794 F.2d at 498. Further, the severance of community ties, which occurs every time a person relocates, is not "extreme hardship." Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980).
 
 
 6
 Moreover, Patel's application for suspension of deportation fails to establish that he will suffer non-economic hardships. Patel has no family ties in the United States. He has no spouse. His three Indian-born children are either in Canada, where they have overstayed their visas, or they have returned to India.[1] He has no other family in the United States. Patel is forty-five years old and thus cannot claim an extreme hardship because of advanced years. He admits to enjoying good health and being in good physical shape. He attended high school in India, although he did not graduate. Further, in addition to English, Patel speaks Hindi and Garati, an Indian dialect, and thus would not have difficulty communicating in India. Given Patel's health, education, training, and assets he will take with him on his return to India, he cannot establish that he will be unable to obtain gainful employment in India. See Patel, 638 F.2d at 1206.
 
 
 7
 Therefore, we agree with the BIA and the immigration judge that Patel has failed to establish an extreme hardship sufficient to justify suspension of deportation. Accordingly, the BIA's dismissal of Patel's appeal of the immigration judge's decision was not an abuse of discretion. See Roe, 771 F.2d at 1333.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 According to Patel's testimony at his July 25, 1990 hearing, his children were residing with him in the United States on six-month visitor's visas, and they would return shortly to Canada. (AR at 101-102.) However, his children only had one year visitor's visas to Canada. (AR at 103.) Patel admitted that his children would probably return to India when their Canadian visas expired. Id